UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM TODD LARIMORE,

    Plaintiff,

v.                          Case No:   2:16-cv-434-FtM-29MRM

DONALD SAWYER, Dr., Director
of Florida Civil Commitment
Center and FNU LAMOUR, Dr.,

    Defendants.

_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on the Defendants' Amended Motion to Dismiss (Doc. #16) filed on behalf of Defendants Sawyer and Lamour (collectively "Defendants") on July 17, 2017. Plaintiff filed a response to the Defendants' motion (Doc. #18) on July 31, 2017. Subsequently, Plaintiff filed a pleading titled "Supplemental Facts" (Doc. #19) with exhibits (Doc. #19-1) on October 4, 2017. This case is ripe for review.

**I.**

Plaintiff William Todd Larimore, an involuntarily civilly committed resident of the Florida Civil Commitment Center ("FCCC") in Arcadia, Florida,[1] initiated this action by filing a *pro se*

---

[1] Florida's Involuntary Civil Commitment for Sexually Violent Predators Act was enacted in Florida "to create a civil commitment procedure for the long-term care and treatment of sexually violent

"Civil Rights Action Complaint, 42 U.S.C. Sections [sic] 1983 and Tort Claims-Florida Statute Section 786.28" (Doc. #1, "Complaint") on June 3, 2016.[2] The Complaint attaches exhibits, including various FCCC resident grievance, communication, and sick call forms, and documents relating to a criminal investigation involving FCCC resident Jose Santiago (Doc. #1-1). Liberally construing the Complaint, Plaintiff attempts to state a failure to protect claim and constitutionally deficient[3] medical indifference claim against Defendant Dr. Donald Sawyer, Director of Florida Civil Commitment Center, and Dr. Lamour, the medical doctor at the FCCC, in both their individual and official capacities. Complaint at 2 (naming each Defendant in their individual name and "as Correct Care Solutions, Inc."). According to the Complaint, on

---

predators." Fla. Stat. § 394.910, *et seq*. A person who is found, after a hearing, to be a "sexually violent predator" is "committed to the custody of the Department of Children and Family Services for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." Id. at § 394.917.

[2] The Court takes judicial notice that subsequent to filing the instant action, Plaintiff filed a virtually identical action at 2:16-CV-705-FtM-99CM that was dismissed as duplicative by the Court on December 30, 2016. The Court in its Order of Dismissal advised Plaintiff that to the extent he intended the complaint to act as an amended complaint in this earlier filed action he must include the case number on his pleading.

[3] Plaintiff is a civil detainee and not a prisoner. Thus, in evaluating Defendants' alleged liability this Court uses the "professional judgment" standard" from <u>Youngberg v. Romero</u>, 457 U.S. 307, 322 (1982), instead of the "deliberate indifference" standard under the Eight Amendment.

March 5, 2015, FCCC resident Santiago attacked Plaintiff while he was sleeping causing Plaintiff to sustain serious bodily injuries, necessitating Plaintiff "to be rushed to an outside hospital." Id. at 5-7. Plaintiff complains that Defendants failed to provide "a safe and secure environment" that resulted in Plaintiff being attacked. Id. at 4. Plaintiff further avers that Dr. Sawyer "should have known" that Santiago "was a violent and dangerous person from his previous actions." Id. at 7. Beginning in May 2015, Plaintiff requested medical care for the "constant pain" he was experiencing due to the attack. Id. at 8. Because he was not receiving any relief from the pain and his symptoms and pain were getting worse, Plaintiff made requests to be seen by an outside nerve specialist. Id. at 9. Plaintiff states that he "notified said defendants of his complaint by talking face to face with Dr. Sawyer," as well as other staff members. Id. at 4. Plaintiff acknowledges that eight months later he was sent to a nerve specialist who advised him "he should had [sic] been seen sooner." Id. at 9.

Defendants move to dismiss the Complaint on the basis that the Complaint states a claim against Defendant Sawyer based solely on the theory of supervisory responsibility, and fails to articulate a constitutional claim against Defendant Lamour. Motion at 10. Further, to the extent that the Complaint seeks any relief against Correct Care Solutions, Inc., Defendants submit

that Correct Care is not "even a defendant." Id. at 3. Additionally, Defendants argue that the Complaint is devoid of any allegation that Plaintiff has complied with Florida Statute § 766.106 (2) (a) to maintain a medical malpractice claim under Florida law. Id. at 8-9. In the alternative, Defendants request that the Court order Plaintiff to file an amended complaint to more clearly allege his claims "in the event the Court is inclined to allow at least some claims to proceed." Id. at 10.

Plaintiff, filed Supplemental Facts (Doc. #19) in support of his Complaint subsequent to filing a response in opposition to Defendants' Motion. From a review of this pleading it appears that Plaintiff underwent surgery in July 2017, for his medical condition complained of in the Complaint. Supplemental Facts at 3. Plaintiff states that his ongoing constant "pain was gone between 7-5-2017 to 8-18-2017," when he was reinjured while being transported back to the FCCC from a follow up appointment with the surgeon. Id. at 1-3. Plaintiff states that he is "not filing a New Complaint for the vehicle incident," but now requires medical care again for his previous condition and Defendants are denying and/or delaying the necessary medical care he requires resulting in his continuing pain. Doc. #19-1 at 2. Liberally construing Plaintiff's Supplemental Facts, it appears that Plaintiff is attempting to amend his Complaint.

**III.**

A plaintiff may amend his complaint once as a matter of course within 21 days after a motion to dismiss is filed under Fed. R. Civ. P. 12(b). <u>See</u> Fed. R. Civ. P. 15(a)(1)(B). In all other circumstances, a plaintiff may amend his complaint only with the defendant's written consent or leave of the court, which should grant leave to amend freely "when justice so requires." <u>Id.</u> 15(a)(2). Here, the Supplemental Complaint, construed as a motion to amend, was filed beyond the 21-day period, but Defendants' appear to consent to Plaintiff filing an amended complaint. *See* Motion at 10. In any event, in the instant case the Court finds that "justice so requires" permitting Plaintiff an opportunity to file an amended complaint in light of Plaintiff's *pro se* status. <u>See</u> <u>Bank v. Pitt</u>, 928 F.2d 1108, 1112 (11th Cir. 1991), <u>overruled in part by</u> <u>Wagner v. Daewoo Heavy Indus. Am. Corp.</u>, 314 F.3d 541, 542 (11th Cir. 2002)(en banc)(holding that this rule does not apply to counseled plaintiffs). Consequently, the Court will permit *pro se* Plaintiff an opportunity to amend his Complaint.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's Supplemental Facts (Doc. #19), construed as motion to amend, is **GRANTED** and Plaintiff shall file an amended complaint **within thirty (30) days** of the date of this Order.

2. Defendants' Amended Motion to Dismiss (Doc. #16) is **DENIED as moot.**

3. The Clerk shall send Plaintiff a copy of his complaint filed in case number 2:16-CV-705-FtM-99CM and a copy of the Complaint for Violation of Civil Rights (Non-Prisoner Complaint) Civil Rights Complaint Form[4] marked "Amended Complaint" bearing this case number for Plaintiff's use in preparing his Amended Complaint, if appropriate.

**DONE and ORDERED** at Fort Myers, Florida, this __8th__ day of March, 2018.

*/s/ John E. Steele*
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1

Copies:
Pro Se Plaintiff
Counsel of Record

---

[4] The form, along with other valuable resources, can be found on the Court's "Proceeding Without a Lawyer" site at the following website: http://www.flmd.uscourts.gov/**pro_se**/default.htm.