```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

WILLIAM TODD LARIMORE,

      Plaintiff,

v.                                    Case No: 2:16-cv-434-FtM-29MRM

DONALD SAWYER, in his individual capacity as facility Director of The Florida Civil Commitment Center and J. LAMOUR, in his individual capacity as facility Director of The Florida Civil Commitment Center - Medical Doctor,

      Defendants.

## ORDER AND OPINION

This matter comes before the Court on Defendants Sawyer and Lamour's Motion to Dismiss (Doc. #22, Motion). Plaintiff, an involuntarily civilly committed resident of the Florida Civil Commitment Center ("FCCC") in Arcadia, Florida,[1] initiated this action by filing a complaint pursuant to 42 U.S.C. § 1983 against

---

[1] Florida's Involuntary Civil Commitment for Sexually Violent Predators Act was enacted in Florida "to create a civil commitment procedure for the long-term care and treatment of sexually violent predators." Fla. Stat. § 394.910, et seq. A person who is found, after a hearing, to be a "sexually violent predator" is "committed to the custody of the Department of Children and Family Services for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." Id. at § 394.917.

Defendants Donald Sawyer, the Director of the FCCC, and J. Lamour, a medical doctor at the FCCC (Doc. #1). Plaintiff's Amended Complaint (Doc. #21, "Amended Complaint") is the operative complaint before the Court.[2] The Amended Complaint attaches exhibits, including various FCCC resident grievance, communication, and sick call forms, and documents relating to a criminal investigation involving FCCC resident Jose Santiago (Doc. #21-1). Liberally construing the Amended Complaint, Plaintiff attempts to state a failure to protect claim and constitutionally deficient[3] medical indifference as well as pendent state law medical malpractice claims against Defendant Dr. Donald Sawyer, Director of Florida Civil Commitment Center, and Dr. Lamour, the medical doctor at the FCCC, in their individual capacities. Doc. #21 at 1 (specifying on cover sheet that each Defendant is named in their "individual capacity."). According to the Amended Complaint, on March 5, 2015, FCCC resident Santiago "viciously attacked" Plaintiff while he was in his bed sleeping causing Plaintiff to sustain serious bodily injuries, necessitating

---

[2] The Court previously granted Plaintiff's construed motion to amend his complaint filed in response to Defendants' previous motion to dismiss. See Doc. #20.

[3] Plaintiff is a civil detainee and not a prisoner. Thus, in evaluating Defendants' alleged liability this Court uses the "professional judgment" standard" from <u>Youngberg v. Romero</u>, 457 U.S. 307, 322 (1982), instead of the "deliberate indifference" standard under the Eight Amendment.

Plaintiff "to be rushed to an outside hospital." Id. at 8-10. Plaintiff complains that "there was no staff on post" in Plaintiff's housing unit and the attacker "has a long history of viscously attacking other residents at [the] FCCC" with weapons but was "allowed access to be around residents unsupervised" which resulted in the attack on Plaintiff. Id. at 8. In early May 2015, Plaintiff requested medical care for the "constant pain" in his "head, face, and neck that was becoming unbearable" and was caused by the injuries he sustained during the attack. Id. at 10. Because he was not receiving any relief from the pain and his symptoms and pain were getting worse, Plaintiff made requests to be seen by an outside nerve specialist. Id. Between March 2015 and September 2015, Plaintiff "submitted multiple communication forms" to both Dr. Lamour and Dr. Sawyer, but no action was taken until "two-years" later when he was sent to nerve specialist who advised him "he should had [sic] been to see him sooner." Id. at 10.

Defendants, in their Motion state "it is unclear" whether the Amended Complaint is attempting to set forth a deliberate indifference claim against Defendants Sawyer and Lamour in connection with the March 5, 2015 attack that occurred in which Plaintiff was seriously injured, or a deliberate indifference claim against Defendants Sawyer and Lamour regarding the healthcare rendered to Plaintiff because of the attack. Doc. #22

at ¶ 3-4. As relief, Defendants request the Court to dismiss the case "while giving Plaintiff leave to amend to clarify whether he is simply bringing a medical deliberate indifference claim." Id. at 6. Plaintiff filed a response to the Motion and clarifies he is attempting to state a claim for violations of his civil rights due to Defendants failure to protect him from an assault by another resident and a claim for Defendants' deliberate indifference in delaying necessary medical care and surgery for the injuries Plaintiff sustained from the assault. Doc. #23. Although framed as a Motion to Dismiss, the Court construes the Motion as a motion for a more definite statement pursuant to Fed R. Civ. P. 12(e).

A court may grant a motion for a more definite statement where a pleading is "so vague or ambiguous that a party cannot be reasonably required to frame a responsive pleading." Fed. R. Civ. P. 12(e). "Motions for more definite statement are disfavored in light of the liberal pleading requirements of the Federal Rules of Civil Procedure and are not to be used as a substitution for discovery." Graham v. Citi Trends, Inc., Case No. 07-CIV-80005, 2007 WL 2412841, at *2 (S.D. Fla. Aug. 21, 2007). The issue before the Court is whether Plaintiff's Complaint is sufficiently specific to place Defendants on notice of the claims against each of them.

Upon review, the Court finds the Amended Complaint, as currently drafted, sufficiently alleges a claim of deliberate

indifference to Plaintiff's medical care as to <u>both</u> Defendants Lamour and Defendant Sawyer,[4] but is vague as to whether it is stating a claim of a constitutional violation for failure to protect as to either Defendant.  Considering Plaintiff's *pro se* status, the Court will afford Plaintiff one final opportunity to amend his complaint to include a claim for failure to protect, should he desire to do so.

In preparing his Second Amended Complain, Plaintiff is advised that a complaint satisfies the pleading requirements of Fed. R. Civ. P. 8 by simply giving the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest.  <u>Conley v. Gibson</u>, 355 U.S. 41 (1957).  However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007) (abrogating <u>Conley</u> in part).  This "plausibility standard" requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim.  <u>Id.</u>  Specifically, "[w]hile a complaint . . . does not need detailed

---

[4] In addition to the amended Complaint alleging that Plaintiff sent numerous grievances to both Dr. Lamour and Dr. Sawyer (Doc. #21 at 11, ¶ 25), the exhibits appended to the Amended Complaint include a resident request sent directly to Mr. Sawyer in which Plaintiff complains that he has repeatedly been requesting medical care for over one year from Dr. Lamour to no avail and implores Dr. Sawyer to assist him in obtaining medical care.  Doc. #21-1 at 10.

factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft v. Iqbal, 566 U.S. 662, 678. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id.

To sustain a failure to protect claim under the Fourteenth Amendment,[5] the plaintiff must show that the government had an affirmative duty of protection. Hilderbrand v. Sanders, 495 F. App'x 6, 7 (11th Cir. 2012). "In general, the government does not violate the Due Process Clause of the Fourteenth Amendment by failing to protect an individual against private violence." Id. at 7 (citing DeShaney v. Winnebago Cty. Dep't of Soc. Servs., 489 U.S. 189, 195 (1989)). However, the courts recognize an affirmative duty of protection is imposed on the government where it undertakes affirmative acts in restraining an individual's freedom through incarceration, institutionalization, or other

---

[5] Plaintiff is a civil detainee and not a prisoner. Thus, in evaluating Defendants' alleged liability this Court uses the "professional judgment" standard" from Youngberg v. Romero, 457 U.S. 307, 322 (1982), instead of the "deliberate indifference" standard under the Eight Amendment.

similar limitation of personal liberty.  DeShaney, 489 U.S. at 190.

Because Plaintiff is civilly committed "the Constitution imposes upon [FCCC officials] a corresponding duty to assume some responsibility for [Plaintiff's] safety and general well-being." Id. at 200.  Thus, an "official's deliberate indifference to a known, substantial risk of serious harm" to a detainee "violates the Fourteenth Amendment."  Cottone v. Jenne, 326 F.3d 1352, 1358 (11th Cir. 2003).  However, not every injury inflicted "translates into constitutional liability."  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  "Merely negligent failure to protect an inmate from an attack does not justify liability under § 1983."  Goodman v. Kimbrough, 718 F.3d 1325, 1332 (11th Cir. 2013) (internal quotations and citations omitted).  Rather, to show that a defendant was deliberately indifferent to the risk that plaintiff would be injured, a plaintiff must be able to prove that the defendant had subjective knowledge of the risk of serious harm and disregarded that risk by conduct that rises beyond negligence. Id.  In other words, plaintiff must demonstrate that the defendant was aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists and that the official drew that inference.  Purcell v. Toombs County, 400 F.3d 1313, 1319-20 (11th Cir. 2005).  Circumstantial evidence can be used to show that an official had requisite knowledge.  Farmer,

511 U.S. at 842. Consequently, evidence of past attacks which were "longstanding, pervasive, well-documented, or expressly noted by [] officials in the past" may be enough to find that the official had actual knowledge. Id. However, general knowledge that an inmate is a problem inmate with a well-documented history of prison disobedience who is prone to violence is not enough. Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003).

ACCORDINGLY, it is hereby **ORDERED:**

1. Defendants Sawyer and Lamour's Motion to Dismiss (Doc. #22), construed as a motion for more definite statement, is **GRANTED.**

2. Plaintiff shall file an amended complaint **within thirty (30) days** of the date on this Order.

3. The Clerk shall provide Plaintiff with a blank civil rights complaint form bearing the above-captioned case number marked "Second Amended Complaint" for Plaintiff's use in preparing his amended complaint.

**DONE and ORDERED** at Fort Myers, Florida, this ___25th___ day of March, 2019.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:
Counsel of Record